# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR417-111 |
| VINCENT ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Vincent Robinson, charged with possession of a firearm as a felon, seeks to suppress statements made to officers while he was receiving treatment for a gunshot wound. Docs. 15 & 16. Pursuant to the parties' stipulation, his motion should be granted in part and denied in part.

On January 27, 2017, the defendant checked himself into Memorial University Medical Center emergency room with a gunshot wound to his foot. He told medical personnel he had been shot outside his girlfriend's residence by an unknown assailant.[1] Officer Morris Monday, an off-duty Savannah police officer working security at the hospital, took a statement from the defendant which was recorded on

---

[1] In actuality, Robinson dropped the gun and accidentally shot himself.

the officer's body camera. No *Miranda* warning[2] was given. Because Robinson claimed that he was the victim of a violent crime, Officer Monday contacted his supervisor and violent crimes detectives to continue the investigation. Defendant conceded at the motion hearing that his statements to Officer Monday (largely, if not entirely, exculpatory) are admissible and may be used by the Government at trial. *See* doc. 23 (evidentiary hearing minutes).

Violent crimes detectives Rico Jordan and Rebekah Gregory then came to Memorial Hospital to interview Robinson. The Government has conceded that Robinson's statements during this second interview were the product of coercion in violation of his constitutional rights and must be suppressed as involuntarily made. *See* docs. 15 & 16 (Det. Gregory threatened defendant with jail time when she found him untruthful, promised him that "if you decide to tell me the truth, you get away with having a gun being a felon," and then told him he had five seconds to confess); 20 at 2 (conceding and affirming that it will not use these statements for any purpose at trial); 23 (evidentiary hearing minutes).

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

In sum, there is no debate that the statements made in the first interview with Officer Monday are admissible. There is also no question that there was a violation of defendant's constitutional rights in the second interview and any statements made to officers in that interview must be suppressed. Defendant's motion to suppress statements made to interviewing officers (docs. 15 & 16) should thus be **DENIED** in part (as to the first interview with Officer Monday) and **GRANTED** in part (as to the second interview with Detectives Jordan and Gregory).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  9th   day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA